**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| WILLIAM C. BRANDT<br>3640 Beech Avenue<br>Baltimore, Maryland 21211 | * <br><br>* |
| *Plaintiff*, | * |
| v. | * |
| Mosaic COMMUNITY SERVICES, INC.<br>2225 North Charles Street<br>Baltimore, Maryland 21218 | * <br><br>* |
| *Serve Registered Agent*:<br>Ms. Janet Deal, Esq.<br>1925 Greenspring Drive<br>Timonium, Maryland 21093 | * <br><br>* <br><br>* |
| and | * |
| KEISHA WINSTON-WATKINS<br>2225 North Charles Street<br>Baltimore, Maryland 21218 | * <br><br>* |
| *Defendants*. | * |

Civil Action No. 1:15-cv-1841

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff William C. Brandt, by and through counsel, LUCHANSKY LAW, files this Original Complaint and Jury Demand against Defendants Mosaic Community Services, Inc. and Keisha Winston-Watts (collectively "Defendants").

### INTRODUCTION

1.    This lawsuit arises out of Defendants' willful and unlawful conduct in failing to properly compensate Plaintiff for his earned wages.

2.      As a result of Defendants' willful failure to properly compensate Plaintiff for all wages due and owing, Defendants are liable for violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL").   *See* 29 U.S.C. § 201, *et seq.*; Md. Code Ann., Lab & Empl., § 3-401, *et seq.*

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims presented herein pursuant to the FLSA.

4.      The claims set forth pursuant to the MWHL are so related and intertwined with Plaintiff's claims under the FLSA that they form part of the same case and controversy.  Therefore, this Court has supplemental and ancillary jurisdiction over Plaintiff's State claim relating to Defendants' willful violations of the MWHL.

5.      Venue is appropriate in this judicial district because this is a judicial district wherein Defendants conduct business and a district wherein many of the unlawful employment practices described herein are believed to have occurred.

### PARTIES

**A.**      *Plaintiff.*

6.      William C. Brandt lives in the State of Maryland, is a resident of Baltimore City and is a former employee of Mosaic Community Services, Inc.

**B.**      *Defendants*

7.      Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, regional managers, or employees committed such act or omission and that at the time such act or omission was committed, it

2

was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, regional managers or employees.

         i.     <u>Mosaic Community Services, Inc.</u>

8.     Defendant Mosaic Community Services, Inc. (hereinafter "Mosaic" or "Defendant") is an affiliate of the Sheppard Pratt Health System, with its principal place of business in Baltimore, Maryland.

9.     Mosaic is subject to the personal jurisdiction of this Court.

10.     Mosaic is the largest community-based behavioral health service provider in Maryland, employing over 500 full- and part-time staff.

11.     Mosaic may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

12.     Mosaic was Plaintiff's employer as the term "employer" is defined by the FLSA.

13.     Mosaic was Plaintiff's employer as the term "employer" is defined by the MWHL.

14.     Mosaic engages in interstate commerce.

15.     Mosaic conducts interstate commerce.

16.     Mosaic employs more than two employees who are engaged in commerce and work on goods or materials that have moved in or were produced for interstate commerce as a single enterprise under the FLSA.  By way of illustration, and not limitation, Mosaic engages in interstate commerce as follows: (1) employees of Mosaic negotiate and purchase supplies from producers and suppliers who operate in interstate commerce; (2) employees of Mosaic administer and/or prescribe medicine that crosses interstate lines; (3) employees of Mosaic regularly use wire and electronic means to

communicate in interstate communications; and (4) Mosaic regularly initiates and processes credit card transactions for patients, clients, and for vendors, all of which involve interstate communications.

17.     Mosaic satisfies the enterprise coverage provisions of the FLSA.

18.     Mosaic has annual revenue in excess of $500,000.

19.     Mosaic is an employer which is subject to the terms of the FLSA.

20.     Mosaic is an employer which is subject to the terms of the MWHL.

        ii.     Keisha Winston-Watts.

21.     Defendant Keisha Winston-Watts ("Winston-Watts") is a resident of the State of Maryland.

22.     Winston-Watts may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

23.     Winston-Watts was a supervisor to Plaintiff.

24.     Winston-Watts instructed Plaintiff to work off-the-clock.

25.     Winston-Watts instructed Plaintiff to perform work off-the-clock with knowledge that Plaintiff would not be compensated for the work Plaintiff performed.

26.     Winston-Watts had responsibility relating to payment of wages, or approval of payment for wages, for Plaintiff.

27.     Winston-Watts reviewed and approved the time records submitted by Plaintiff.

28.     Winston-Watts was aware that time records she received from Plaintiff and subsequently approved did not reflect all of the hours which Plaintiff worked.

29.     Winston-Watts possessed the authority to set certain terms and conditions of employment for Mosaic employees, including for Plaintiff.

4

30.     Winston-Watts possessed the authority to control and direct conditions of employment for Mosaic employees, including for Plaintiff.

31.     Winston-Watts contributed to implementing and managing the unlawful "comp time" system described herein which resulted in Plaintiff not being properly compensated for all wages due and owing.

32.     Winston-Watts was employed by Mosaic during the time of Plaintiff's employment.

33.     During some or all periods of Plaintiff's employment, Winston-Watts exercised managerial responsibilities over Plaintiff's employment with Mosaic.

34.     During some or all periods of Plaintiff's employment, Winston-Watts exercised substantial control over Plaintiff's employment with Mosaic.

35.     Winston-Watts was Plaintiff's employer as the term "employer" is defined by the FLSA.

36.     Winston-Watts was Plaintiff's employer as the term "employer" is defined by the MWHL.

FACTUAL ALLEGATIONS

**A.**     *Introduction.*

37.     Plaintiff initially began performing work for Mosaic in November of 2011 through the staffing agency Maxim Staffing Solutions.

38.     In or about February of 2012, Plaintiff began working directly for Mosaic.

39.     Throughout his employment with Mosaic, Plaintiff has been a non-exempt employee under the FLSA and MWHL.

40.     From the beginning of Plaintiff's employment with Mosaic through approximately April 23, 2014, Plaintiff was compensated on a flat rate (hereinafter "Flat Rate Period").

41.     For the pay period ending July 31, 2013, Plaintiff received a biweekly flat rate of pay of $2,295.19.

42.     Throughout the Flat Rate Period, Plaintiff was compensated with a flat rate amount that was paid biweekly.

43.     On April 23, 2014, LaTrice White notified Plaintiff via email that Mosaic was changing Plaintiff's pay status and that Mosaic would begin compensating Plaintiff on an hourly basis.

44.     Plaintiff satisfactorily performed the duties of his job while employed by Mosaic.

45.     Plaintiff adequately performed the duties of his job to the benefit of Mosaic.

**B.**     *Plaintiff's job duties.*

46.     Plaintiff's primary job duties involved, *inter alia*, providing basic care and assistance for patients of Mosaic.

47.     Plaintiff's job duties also involved providing transportation for both patients of Mosaic and employees of Mosaic.

48.     The exercise of discretion as to matters of significance was not a primary duty of Plaintiff's employment.

49.     The exercise of independent judgment as to matters of significance was not a primary duty of Plaintiff's employment.

50.     The exercise of discretion as to matters related to management policy was not a primary duty of Plaintiff's employment.

51.     The exercise independent judgment as to matters related to management policy was not a primary duty of Plaintiff's employment.

52.     The exercise of discretion as to matters of general business operations was not a primary duty of Plaintiff's employment.

53.     The exercise of independent judgment as to matters of general business operations was not a primary duty of Plaintiff's employment.

54.     The exercise of discretion as to matters relating to business expenditures was not a primary duty of Plaintiff's employment.

55.     The exercise of independent judgment as to matters relating to business expenditures was not a primary duty of Plaintiff's employment.

56.     Plaintiff did not have the authority to bind Mosaic in matters of significance.

57.     Plaintiff did not have the authority to commit Mosaic in matters that had a significant financial impact.

58.     Plaintiff did not have authority to change the course of direction or plans that were otherwise being carried out by Mosaic.

59.     Plaintiff did not monitor or implement legal compliance measures on behalf of Mosaic.

60.     Plaintiff did not have the authority to formulate or implement management policies on behalf of Mosaic.

61.     Plaintiff did not have the authority to deviate from established policies and procedures without prior approval from Mosaic.

62.     Plaintiff did not have the authority to negotiate and bind Mosaic on significant matters.

63.     Providing expert advice to management was not a primary duty of Plaintiff's employment.

64.     The planning of long- or short-term business objectives was not a primary duty of Plaintiff's employment.

65.     Plaintiff did not represent Mosaic in arbitrating disputes.

66.     Plaintiff did not represent Mosaic in resolving grievances.

67.     Plaintiff did not have the authority to hire new employees for Mosaic.

68.     Plaintiff did not have the authority to terminate the employment of employees of Mosaic.

69.     Plaintiff did not have the authority to set the rate of pay of other employees of Mosaic.

70.     Plaintiff did not have the authority to set the hours of work of other employees of Mosaic.

71.     Plaintiff did not appraise other employees' productivity for the purpose of recommending promotions or other changes in status.

72.     Plaintiff did not handle employee complaints.

73.     Plaintiff could not issue disciplines of employees of Mosaic.

74.     Independently planning the work of other employees of Mosaic was not a primary duty of Plaintiff's employment.

75.     Independently apportioning work assignments among other employees of Mosaic was not a primary duty of Plaintiff's employment.

76.     Plaintiff did not plan and control Mosaic' budget.

77.     There is no exemption under Maryland State or Federal law which serves to excuse Mosaic from compensating Plaintiff for all hours worked or at the appropriate overtime premium rate for hours worked in excess of 40 during a seven-day workweek.

78.     Mosaic willfully disregarded their obligation to maintain accurate records of hours worked by Plaintiff, a nonexempt employee.

C.      *Defendants failed to properly compensate **Plaintiff for all hours worked.***

79.     While Plaintiff's hours varied from week-to-week during his employment with Mosaic, Plaintiff routinely worked in excess of 40 hours in a seven-day workweek.

i.      Failure to pay overtime wages.

80.     During the Flat Rate Period, Mosaic did not compensate Plaintiff at the overtime premium rate for hours Plaintiff worked in excess of 40 during a single workweek.

81.     During the Flat Rate Period, Mosaic did not provide Plaintiff with any additional compensation for hours worked in excess of 40 during a single workweek.

82.     On April 23, 2014, LaTrice White, HR Supervisor for Mosaic, sent Plaintiff an email stating, "Effective 4/24/14 your exempt status will change to non-exempt (hourly)."

83.     Pursuant to Ms. White's above email of April 23, 2014, Mosaic took the position that Plaintiff was a non-exempt employee under the FLSA effective April 24, 2014.

84.     Mosaic took the position that Plaintiff was a non-exempt employee under the FLSA from April 24, 2014 through the conclusion of his employment.

85.     Plaintiff regularly worked in excess of 40 hours in a workweek throughout his employment and was not properly compensated by Mosaic for these hours.

86.     Defendants, acting without good faith, knowingly withheld wages owed to Plaintiff.

87.     Throughout his employment, Plaintiff was entitled to receive overtime compensation for hours worked in excess of 40 in a seven-day workweek.

88.     There is no *bona fide* dispute that Plaintiff was entitled to receive overtime compensation for hours worked in excess of 40 in a seven-day workweek.

89.     Plaintiff seeks wages owed and other available relief against Defendants through Plaintiff's Complaint for unpaid wages.

        ii.    <u>Failure to accurately track and compensate Plaintiff for all hours worked.</u>

90.     Mosaic had a duty to maintain accurate records of all hours worked by Plaintiff.

91.     Mosaic failed to maintain accurate records of all hours worked by Plaintiff.

92.     Mosaic's failure to maintain accurate records of all hours worked by Plaintiff was willful.

93.     Mosaic instructed Plaintiff to perform work while he was not clocked-in and not being paid.

94.     Mosaic used a timesheet to create a record of certain hours worked by Plaintiff, but this timesheet did not accurately track all hours worked by Plaintiff.

95.     Plaintiff was instructed by his supervisors to only enter a pre-determined number of hours into the timesheet (*e.g.* eight hours per day).

96.     The pre-determined number of hours which Plaintiff was permitted to enter was determined by Mosaic.

97.     The pre-determined number of hours entered into the system did not accurately reflect the number of hours Plaintiff actually worked.

98.     Mosaic was aware that the timesheet did not accurately record all of the hours worked by Plaintiff.

**D.**     ***Mosaic's unlawful "comp time" system.***

99.     During certain periods of Plaintiff's employment Defendants informed Plaintiff that in lieu of being paid overtime, he would receive comp time.

100.     Defendants failed to provide Plaintiff with the comp time he was promised.

101.    Defendants failed to administer their alleged comp time program in compliance with law.

102.    Defendants failed to accurately track the comp time hours accumulated by Plaintiff.

103.    Mosaic did not allow Plaintiff to earn comp time at the rate of time-and-one-half (1.5) for hours worked in excess of 40 during a workweek.

E.    *Estimate of unpaid hours worked.*

104.    As stated above, prior to approximately April 24, 2014, Mosaic took the position that Plaintiff was not entitled to additional compensation for hours worked in excess of 40 per workweek.

105.    Defendants did not compensate Plaintiff at the overtime premium rate for hours worked in excess of 40 during a seven-day workweek or at the applicable minimum wage rate.  Rather, Plaintiff often times did not receive any compensation from Defendants for hours worked in excess of 40; instead, Defendants withheld Plaintiff's wages and instituted an unlawful Comp Time system, as described above.

106.    Defendants did not maintain accurate records of the hours worked by Plaintiff.

107.    The estimate of hours worked which Plaintiff provides herein constitutes his best estimate of the unpaid and overtime hours he, in good faith, believes he worked during the statutory period relevant to this litigation, and is based upon the information presently available to him.

108.    While the unpaid hours which Plaintiff worked per workweek varied, on information and belief, Plaintiff's best *present* estimate is that he regularly worked between approximately five (5) and approximately fifteen (15) hours during most weeks of his employment for which he was not properly compensated.

109.    Plaintiff reserves the right to amend the above estimate of unpaid hours at any time prior to trial and after having had the opportunity to conduct discovery in this matter.

**F.**     ***Defendants acted "willfully."***

110.    Defendants acted willfully, as that term is used in the context of the MWHL and FLSA in their failure to properly compensate Plaintiff.

111.    Defendants knew, or had reason to know, that Plaintiff was performing work which was for the benefit of Defendants while he was not receiving any compensation and/or was not being properly compensated at the proper overtime premium rate.

112.    Despite the fact that Defendants knew, or had reason to know, that Plaintiff was performing work for Defendants' benefit during periods when Plaintiff was not being compensated properly, Defendants continued to allow Plaintiff to perform this work and failed to properly compensate Plaintiff for the work performed.

113.    Plaintiff complained to Defendants and its agents that he was not receiving full and proper compensation for the hours worked.  Plaintiff also complained to Defendants with regard to the illegal Comp Time system instituted by Defendants, described above.

114.    Defendants failed to take corrective action in response to complaints from Plaintiff of not receiving full and proper compensation and of the illegal Comp Time system.

115.    Despite the fact that Defendants were aware of the wage and hour laws, Defendants failed to comply with these laws.

116.    As described herein, Defendants regularly instructed Plaintiff to work "off the clock."

117.    Defendants regularly instructed Plaintiff to perform overtime work with the intention of not paying his at the applicable overtime premium rate or minimum wage rate.

118.    Defendants concocted the above described illegal pay practices for the purpose of compensating Plaintiff for fewer hours than he was legally entitled to receive.

119.    On or about March 5, 2015, Plaintiff met with Brian Hoover, Mosaic's Human Resources Director, in an attempt to persuade Mosaic to pay Plaintiff his unpaid overtime wages and to begin timely paying Plaintiff his overtime wages as they become due, as required by the FLSA and the MWHL.

120.    On or about March 24, 2015, Plaintiff additionally met with Winston-Watkins and Timothy Allen, Plaintiff's superiors at Mosaic, in yet a further attempt to persuade Mosaic to pay Plaintiff his unpaid overtime wages and to begin timely paying Plaintiff his overtime wages as they become due, as required by the FLSA and the MWHL.

121.    Despite Plaintiff's repeated requests to Mosaic's decision-makers that Mosaic pay Plaintiff his unpaid overtime wages and begin timely paying Plaintiff his overtime wages as they become due, Mosaic continues in bad faith to refuse to do so, in violation of the FLSA and the MWHL.

**G.**    *Unpaid meal breaks.*

122.    Plaintiff was provided a 30-minute period for a meal break.

123.    Mosaic automatically deducted 30-minutes from Plaintiff's wages, irrespective of whether he actually received a meal break.

124.    Plaintiff commonly worked through his 30-minute meal break period.

125.    In addition, Plaintiff regularly performed a "working lunch," during which he was not completely relieved of his work responsibilities during his meal break and he continued performing work on behalf of Defendants while consuming his meal during his meal beak.

**H.**    *On-call work.*

126.    Plaintiff was often required to be on-call after the conclusion of his regular working hours.

127.    While on-call, Plaintiff would regularly receive calls from Mosaic.

128.    At times, calls received from Mosaic could be handled remotely.  Other times, Mosaic required Plaintiff to travel to Mosaic's physical location or to other locations.

129.    Mosaic compensated Plaintiff at a flat rate of approximately $18 per day for certain on-call work performed.

130.    The compensation Mosaic provided to Plaintiff for the on-call work he performed did not serve to properly compensate Plaintiff for all of the on-call hours he worked.

131.    Mosaic did not properly compensate Plaintiff for all hours worked while he was on call or at the proper overtime rate.

132.    Mosaic failed to accurately track the on-call hours worked by Plaintiff.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

133.    Plaintiff hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

134.    This count arises from Defendants' violation of the Fair Labor Standard's Act, 29 U.S.C. section 207, for Defendants' failure to pay overtime wages to Plaintiff for all time worked in excess of forty hours per week.

135.    Plaintiff was regularly directed by Defendants to work, and did so work, in excess of 40 hours in one or more individual work weeks.

136.    Defendants required Plaintiff to work hours for which he was not compensated at all, including hours that were worked in excess of 40 hours in one or more individual work weeks.

14

137. Pursuant to 29 U.S.C. section 207, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at a rate of one-half times his regular rate of pay for the time worked in excess of forty hours.

138. Defendants did not compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all time worked in excess of forty hours in individual workweeks.

139. Defendants' failure to pay overtime wages for time worked in excess of forty hours per week and its failure to pay Plaintiff entirely for certain work performed was a violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq*.

140. Defendants' failure and refusal to pay all wages owned was a willful violation of Fair Labor Standards Act, 29 U.S.C. section 207, *et seq*.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a. Judgment against Defendants for violation of the wage provisions of the FLSA;

b. Judgment that Defendants' violations as described above were willful;

c. An award in an amount equal to Plaintiff's unpaid back wages owed;

d. An award to Plaintiff of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216 section and/or any other applicable laws;

f. An award of prejudgment interest to the extent liquidated damages are not awarded;

g. Award reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

141.    Plaintiff hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

142.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. section 201, *et. seq*., for Defendants' failure and refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

143.    During Plaintiff's employment with Defendant, Plaintiff worked many hours for Defendants for which Plaintiff was completely uncompensated.

144.    Pursuant to 29 U.S.C. section 206, for all time that Plaintiff worked for Defendants, Plaintiff was entitled to be compensated at no less than the applicable federally mandated minimum wage for each hour worked.

145.    Defendants willfully violated the FLSA by failing to compensate Plaintiff at the federal minimum wage rate for all hours worked in each workweek of Plaintiff's employment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.      Judgment against Defendants for violation of the minimum wage provisions of the FLSA;

b.      Judgment that Defendants' violations as described above were willful;

c.      An award to Plaintiff in an amount equal to all unpaid back wages owed;

d.      An award to Plaintiff for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and all other applicable laws;

f.    An award of prejudgment interest to the extent liquidated damages are not awarded;

g.    Award reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT III
### Maryland Wage and Hour Law
### Md. Code Ann., Lab & Empl. § 3-401, *et seq.*
### Failure to pay wages owed for all hours worked and failure to pay overtime

146.    Plaintiff hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

147.    Plaintiff was not paid for all hours actually worked, are protected by the MWHL, and are/were entitled to be paid at their regular hourly rate for each hour worked.  Md. Code Ann., Lab & Empl. § 3-401, *et seq.*

148.    Defendants did not compensate Plaintiff his regular hourly rate for each hour worked.

149.    Defendants did not compensate Plaintiff at the minimum wage rate for each hour worked.

150.    Defendants' failure to pay Plaintiff and his appropriate wages for all hours worked violated MWHL.

151.    Plaintiff was entitled to be compensated for all hours worked and to be compensated at 1.5 times his regular hourly wage for each hour worked over 40 in a single workweek.

152.     Defendants did not compensate Plaintiff for all hours worked and did not compensate Plaintiff at 1.5 times his regular hourly wage for each hour worked over 40 in a single workweek.

153.     Defendants' failure to compensate Plaintiff at 1.5 times his regular hourly wage for each hour in excess of 40 hours per workweek violated the MWHL.

154.     As a direct and proximate result of Defendants' violations of the MWHL, Plaintiff suffered significant damages.

155.     Pursuant to the MWHL, Defendants is liable to Plaintiff for all hours worked which were not compensated and for the difference between the wages paid to Plaintiff and the wages required by statute, plus reasonable attorneys' fees, pre- and post- judgment interest, fees and costs.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

a.     Judgment against Defendant for violation of the minimum wage and overtime provisions of the MWHL;

b.     Judgment that Defendants' violations as described above were willful;

c.     An award in an amount equal to all unpaid back wages for Plaintiff;

d.     An award to Plaintiff for the amount of unpaid wages owed, up to treble damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e.     An award of reasonable attorneys' fees and costs pursuant to the MWHL and all other applicable laws;

f.     An award of prejudgment interest to the extent liquidated or treble damages are not awarded;

g.     Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

156.    Plaintiff demands a trial by jury on all issues triable to a jury.


Dated: June 23, 2015                                    Respectfully submitted,


                                                        _____/s/ *Judd G. Millman*_____
                                                        Judd G. Millman (Fed Bar No. 18212)
                                                          judd@luchanskylaw.com
                                                        Bruce M. Luchansky (Fed. Bar No. 08439)
                                                          lucky@luchanskylaw.com
                                                        **LUCHANSKY Law**
                                                        606 Bosley Avenue
                                                        Suite 3B
                                                        Towson, Maryland 21204
                                                        Telephone: (410) 522-1020
                                                        Facsimile: (410) 522-1021
                                                        *Attorneys for Plaintiff*